IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAQUONDA FORD**                                                                    **PLAINTIFF**

vs.                                                          **CIVIL ACTION No.: 3:19-CV-602-HTW-LGI**

**ADVANCED RECOVERY SYSTEMS, INC.**
**and JOHN DOES 1-10**                                                            **DEFENDANTS**

## ORDER

BEFORE THIS COURT are the following interrelated motions: Defendant's Motion to Strike Amended Complaint **[Docket no. 19]**; Defendant's Motion to Dismiss Amended Complaint **[Docket no. 20]**; and Defendant's Supplemental Motion to Strike **[Docket no. 25]**. Plaintiff opposes all motions.

### I.     JURISDICTION

Neither party has challenged federal question subject matter jurisdiction *per se*; nevertheless, this court has an independent obligation to verify it possesses subject matter jurisdiction.[1]

Plaintiff Laquonda Ford (hereinafter referred to as "Ford") filed her lawsuit in this federal forum invoking Title 28 U.S.C. § 1331[2], federal question subject matter jurisdiction. Ford's complaint alleges that this court possesses federal question jurisdiction because she has asserted

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. Nylcare Health Plans, Inc*., 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added).*Dean v. Mozingo*, 521 F. Supp. 2d 541, 551 (S.D. Miss. 2007)(overturned on other grounds).

[2] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

1

that the defendant, Advanced Recovery Systems, Inc. (hereinafter referred to as "ARS"), had repeatedly violated the Fair Debt Collections Practices Act (hereinafter referred to as "FDCPA") found at Title 15 U.S.C.A. § 1692[3], *et seq.*, a federal enactment. Accordingly, this court finds that it possesses federal question subject matter jurisdiction.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL POSTURE

Ford filed her original unverified Complaint on August 26, 2019, alleging that "[o]n or about June 6, 2019, [ARS] contacted [Ford] in an attempt to collect the Debt," and that "[d]uring the initial conversation [ARS] falsely threatened to take legal action against [Ford] if the Debt was not paid immediately," and that "[ARS] falsely threatened to 'get a warrant' and garnish [Ford's] wages if the Debt was not paid immediately." The Complaint further alleges that, because of the above listed conduct, ARS violated at least seven (7) subsections of the FDCPA. The Complaint does not identify Ford's "creditor" or any particular "debt." Ford similarly failed to identify any other particulars or corroborating evidence of the alleged "initial conversation".

---

[3] (a) Abusive practices

    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Inadequacy of laws

    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Available non-abusive collection methods

    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Interstate commerce

    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) Purposes

    It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C.A. § 1692 (West)

ARS responded to the original Complaint on November 12, 2019 by filing a Motion pursuant to F. R. Civ. P. 8, 9, 11, 12(b)(6), 12(e) and 56(b) to dismiss the Complaint or, alternatively, to require Ford to file a more definite statement of claim or, alternatively, for a summary judgment in ARS's favor. ARS filed its Summary Judgment Motion based upon an alleged evidentiary showing by ARS that the single telephone conversation vaguely described in the unverified Complaint: (a) either never took place, or may have been a telephone conversation between the Plaintiff and someone other than ARS; and (b) that the Plaintiff did not timely respond to ARS's actual initial communication which was ARS's standard initial dunning letter successfully mailed on or about April 1, 2019 and not subsequently returned to ARS undelivered. ARS alleges that never, at any time, had it communicated with Ford by telephone and that Ford did not timely dispute or request validation or verification of the single unpaid medical bill which ARS attempted to collect.

Ford did not respond to ARS's Motion to Dismiss; instead, she filed an unverified Amended Complaint deleting several of her FDCPA claims, but continuing to allege that on or about June 6, 2019, ARS contacted Ford in an attempt to collect the Debt.

Ford also filed an affidavit from her attorney, Curtis Hussey (hereinafter referred to as "Hussey"). His affidavit purports to establish that the parties have not exchanged discovery at this early stage and that, on behalf of his client, he requests a stay on the instant motion.

III.   ANALYSIS

ARS asks this court to grant it summary judgment, submitting in support an affidavit from its compliance officer. This affidavit states that ARS never called Ford about a specific account. ARS allegedly has obtained several accounts of Ford's for collection.

Ford responds that since the parties have not exchanged discovery at this early stage, this court should not address the motion for summary judgment. According to Ford, ARS may have contacted her on one of her other accounts, which has not been addressed by Defendant's Compliance Officer.

Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Isaacson v. Waste Management, Inc.*, No. 1:08cv438, 2009 WL 2408374, at *1 (S.D.Miss. Aug. 3, 2009).

Motions requesting an opportunity to take additional discovery in opposition to a motion for summary judgment are subject to F. R. Civ. P. 56 (f). "Rule 56(f), Fed. R. Civ. P., provides non-movants with an important tool "to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). "The rule authorizes a district court to 'order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had,' if the non-movant files affidavits showing that he or she 'cannot for reasons stated present by affidavit facts necessary to justify the party's opposition.'" Rule 56(f)." *Cheek v. Houston Indep. Sch. Dist.*, 108 Fed.Appx. 935, 936 (5th Cir. 2004) (emphasis added).

Motions under Rule 56(f) "are favored and should be liberally granted." *Beattie v. Madison County School Dist.*, 254 F.3d 595, 605–06 (5th Cir. 2001). "A non-movant seeking relief under Rule 56(f) must 'show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Id*. at 605. The non-movant cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Cheek* citing and quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004).

This court finds that it is inappropriate at this stage of the litigation to consider summary judgment. Plaintiff is due discovery so that she may have adequate time "to adequately combat a summary judgment motion." *Wichita Falls Office Assocs* at 919. If, after the close of discovery, defendant still finds it appropriate to reassert its motion, then, it may do so. See, e.g., *Nationwide Mut. Fire Ins. Co. v. Sea Breeze Condominiums*, 2011 WL 1561014, at *3 (S.D. Miss. Apr. 22, 2011); (denying plaintiff's motion for summary judgment without prejudice, "with leave to reassert upon the conclusion of discovery," where defendants "made a sufficient showing of their need for further discovery" pursuant to Rule 56(d)); *Biel Loan Co. III-A v. Lee Freyer Kennedy Crestview, L.L.C.*, 2011 WL 1321328, at *2 (S.D. Miss. Apr. 4, 2011).

### IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED that Defendant's Motion to Strike Amended Complaint [Docket no. 19] is hereby DENIED.**

**IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Amended Complaint [Docket no. 20] is hereby DENIED.**

**IT IS FURTHER ORDERED that Defendant's Supplemental Motion to Strike [Docket no. 25] is hereby DENIED.**

**IT IS FURTHER ORDERED that the parties shall contact the United States Magistrate Judge assigned to this lawsuit within ten (10) days to schedule a Rule 16 Conference.**

**IT IS FINALLY ORDERED that defendant may reassert his motion after the close of discovery, if necessary.**

SO ORDERED this the 13th day of August, 2021.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE